# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-0443V**
UNPUBLISHED

|  |  |
|---|---|
| BRENDA HELMANDOLLAR, Administrator of ESTATE OF JOHN HELMANDOLLAR, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 26, 2022 |
| v. | Special Processing Unit (SPU); Ruling on Entitlement; Concession; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On April 15, 2020, Brenda Helmandollar, administrator of the estate of John Helmandollar, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Mr. Helmandollar suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on September 23, 2018. Petition at 1. Petitioner further alleges the vaccine was received in the United States and Mr. Helmandollar's injuries lasted more than six months. Petition at ¶¶ 2, 10. Petitioner filed an affidavit averring that she has never received an award or settlement

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

for Mr. Helmandollar's vaccine injuries, nor has she filed a civil action. Ex. 8. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 25, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "Mr. Helmandollar had no history of pain, inflammation, or dysfunction of his left shoulder; medical records document that pain occurred within 48 hours after receipt of an intramuscular vaccination; pain was limited to the left shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain Mr. Helmandollar's shoulder pain." *Id.* at 3. Respondent further agrees that "based on the medical records outlined [in the Rule 4(c) Report], Mr. Helmandollar suffered the residual effects of his injury for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
